Mississippi R. Commission *v.* Western Union Tel. Co.

[65 South. 505.]

1. TAXATION. *Levy and assessment. Authority to make assessment. Railroad commission. Assessment. Validity.*

The power to assess property for taxation and to levy and collect taxes is conferred, not by the common law, but by statute, and when so conferred can be exercised only in the manner pointed out by the statute and by the person or persons upon whom the power is therein conferred.

2. TAXATION. *Railroad commission. Back assessment. Validity.*

Under Code 1906, section 4741, the power is conferred upon the railroad commission to assess property which has escaped taxation for previous years only, when notified so to do by the revenue agent; and hence an assessment made at the request of the attorney-general is void.

APPEAL from the circuit court of Hinds county.
Hon. W. A. HENRY, Judge.

Proceedings before the Mississippi Railroad Commis-
sion for the back assessment of property of the Western
Union Telegraph Company. From a judgment of the
circuit court, holding void an order of the commission as-
sessing back taxes against such property, the commission
appeals.

On February 19, 1913, the attorney-general of Missis-
sippi addressed a communication to the Mississippi Rail-
road Commission, notifying said commission that the
Western Union Telegraph Company had not paid taxes
on a line of poles between Meridian, Mississippi, and the
state line on the right of way of the New Orleans & North
Eastern Railroad Company, a distance of about one hun-
dred and sixty miles, and that said taxes were due from
the year 1890 to 1912, inclusive, and should be assessed
so that proper suits might be brought to recover same,
and requesting that notice should be given to said tele-
graph company to appear and show cause why it should
not be assessed for back taxes. On March 3, 1913, the
State Revenue Agent served notice on the telegraph com-
pany that its said line of telegraph poles had escaped
taxation in former years, and that he had back assessed
same from the year 1890 to 1912, inclusive, and citing
said telegraph company to appear at the next meeting
of the Railroad Commission and make objections, if de-
sired. On the same date the State Revenue Agent noti-
fied the Railroad Commission that under the provisions
of section 4741 of the Code of 1906, he had assessed said
telegraph company with back taxes on said line of tele-
graph poles at the valuation of one hundred dol-
lars per mile, subject to their consideration and determi-
nation at the next meeting of the commission. The Rev-
enue Agent also advised the commission that he was
aware that the attorney-general's office had already
filed a notice of this delinquency, and protested that the
power to levy assessments for back taxes is not conferred
upon the attorney-general, but is the province of the

State Revenue Agent. The Railroad Commission, act-
ing in response to the notice of the attorney-general, cited
the telegraph company to show cause why it should not
be assessed for back taxes on its line of telegraph poles.
Afterwards the State Revenue Agent addressed a com-
munication to the commission, in which he stated that it
had come to his knowledge that the line of poles in ques-
tion was not the property of the telegraph company, but
was, in fact, owned by the railroad company, and re-
questing the commission to cite the railroad company to
appear and show cause why it should not be as-
sessed on said line of poles, and the railroad company
was cited to appear. After hearing the testimony of the
officials of both companies which showed the joint ar-
rangement existing for the operation of the telegraph
line, the Railroad Commission entered an order fixing
the value of the line of poles at one hundred dollars per
mile, and assessed the Western Union Telegraph Com-
pany with seventy-five per cent. of the value, and the
New Orleans & North Eastern Railroad Company with
twenty-five per cent. of the value, and directed the at-
torney-general to bring suit against said companies for
taxes for each of the years it had escaped taxation.
Both the telegraph company and the railroad company
protested against this assessment, and the telegraph com-
pany afterwards sued out a writ of *certiorari,* returnable
to the circuit court of Hinds county, and upon a hearing
the court held that the order of the Railroad Commission
was void, and from that judgment the appeal is taken.

*Geo. H. Ethridge,* for appellant.

It is immaterial for the purpose of this suit whether
the Revenue Agent's demand was necessary as a condi-
tion precedent to make this assessment because he had
requested the commission to make the assessment and re-
quested it to make it for each year named, and the com-
mission has made the assessment. If the contention then

was correct that the Revenue Agent must make the demand, that has been done in this case, and for the purpose of this hearing it is immaterial whether the attorney-general had a right to make the demand or not. All conditions have been met and the commission has acted and has made the assessment, and the request both of the attorney-general and of the Revenue Agent is in the record before the court.

So far as the appellee is concerned, it has been lawfully proceeded against, and if its property is subject to taxation, no complaint can be made as to which request commission acted upon. It is likewise immaterial whether the property ought to be assessed as real estate or as personal property.

The observation of the supreme court in the case of *Tunica County* v. *Tate,* 78 Miss. 299, is pertinent here, "The law is after taxing the thing and it is not to be defeated by it is being put on one roll instead of another. Rolls are mere matters of convenience, but if this were not true, there is no indication of what roll it should be on and if it be valid it must be presumed that it will be put where it ought to be." This was a case in which an additional assessment of a cotton seed oil mill, giving description of the land on which it was located, was made by the collector and was placed on the personal roll. Dealing with the question in this case, or power of a board or a collector of taxes to make an assessment, the court, in the last paragraph of the opinion said: "It is too late to dispute the constitutionality of the act of the board or the collector. Such emergency statutes have existed for more than fifty years. Two Constitutions have been made during their existence without rebuking them and the courts have annulled them. It is only necessary to read the very able opinion of Judge Cooper in *State* v. *Tonella,* 70 Miss. 711 and 712, to be satisfied on this question. See, also, *Cato* v. *Gordan,* 63 Miss. 322."

It has been held already by the supreme court in more than one case that the right of the Revenue Agent is not

exclusive. See *Adams* v. *Clarksdale,* 48 So. 242, and *Adams* v. *Delta, etc., Company,* 48 So. 190.

The argument of the appellee that there would be confusion if different officers were allowed to pursue an action, each having jurisdiction to prosecute it and pursue the debt by suit, is utterly without weight in view of the many decisions and statutes on this and similar subjects. The very object of creating the office of State Revenue Agent was to confer upon an additional officer, rights to bring suits and other proceedings looking to the collection of the state's revenues. As stated by the supreme court in at least two cases, the state had complete and ample machinery for the collection of taxes and for the assessment of taxes without creating this office. The language quoted from *Thibodeaux* v. *State,* 69 Miss. 92 and 97, was said in reference to the creation of the office of a Revenue Agent and the court at that time seemed to be hostile to this office, fearing that great confusion would arise, but notwithstanding the criticism of the court and its refusal to recognize all the powers conferred upon the Revenue Agent, the legislature has persistently refused to repeal the office and has, from time to time, enlarged the powers and duties of the Revenue Agent. It is manifest that the legislature was going upon the theory that it was necessary to have several officers vested with the power of collecting the state's revenues, believing that the labors of each one will supplement the labors of the others and that several thoughtful minds and several watchful eyes would result in bringing the state just revenues which the tax dodgers had withheld from it.

*Harris & Potter* and *Mayes & Mayes,* for appellee.

It is contended by the appellee, the Western Union Telegraph Company, that the order of the Railroad Commission was void: First, because the Railroad Commission had no jurisdiction, that it could not institute pro-

ceedings of this character; that is to say, for back assessment of property for taxation of its own initiative or at the instance of the attorney-general, but that it only derived its authority to act at the instance of the State Revenue Agent. See: Code of 1906, sections 4382, 4392; *Adams* v. *Railroad Co.,* 73 Miss. 660; Code of 1892, chapter 126; Code of 1906, chapter 131; *Railroad Co.* v. *Adams,* 77 Miss. 766; *Railroad Co.* v. *Adams,* 85 Miss. ——; *Adams* v. *Bank,* 60 Miss. 770; 37 Cyc. pages 668 and 724; Cooley's Constitutional Limitations (7 Ed.), sections 744 and 746.

Second, that the Mississippi Railroad Company was in no sense a tax collector, but merely vested with authority to assess a certain class of property for taxation and that it could not, of itself, institute proceedings for the collection of taxes when directed by the attorney-general or any other officer than the one legally constituted to collect the taxes; that the whole scheme is statutory and should be strictly complied with. See: *Thibodeaux* v. *State,* 69 Miss. 92, 77; Section 4741, Code of 1906; *Adams* v. *Bank,* 60 So. 770.

Third, that the Railroad Commission had no power to create subjects of taxation, and, therefore, had no right to assess the Telegraph Company with any part of the value of the poles on account of any beneficial use which the Telegraph Company made of the telegraph poles, it not being the owner, but a lessee. See: *Vicksburg Bank* v. *Worrell,* 67 Miss. 47; *Hancock County* v. *Imperial Naval Stores,* 93 Miss. 822; 37 Cyc. 1002; 37 Cyc. 190; *Redmond* v. *Bank,* 60 Miss. 293; *Green* v. *Craft,* 28 Miss. 70; *Booker* v. *Doe,* 24 Miss. 431; *Dunn* v. *Winston,* 31 Miss. 135; *Railroad Co.* v. *Adams,* 76 Miss. 545; 153 N. Y. 98; 134 Mo. 231; Code of 1906, section 4256.

Fourth, that the order was utterly void as to the Western Union Telegraph Company, because under the undisputed facts before the Railroad Commission, it was not the owner of the property sought to be assessed against it.

Fifth, that *certiorari* is the proper remedy in a case of this character. See: *Adams* v. *Railroad Co.*, 77 Miss. 77; *Railroad Co.* v. *Adams*, 85 Miss. 795; Cooley's "Constitutional Limitations," sections 1405 and 1407.

*Mayes & Mayes,* for appellee.

We contend that the assessment is void because not made at the instance of any person authorized by law to have this property back assessed; the order is further void because the full power of the commission is exercised when they make the assessment, but that the commission can go no further and can empower no one else to go any further, as they are in no sense tax collectors, but simply tax assessors; the order is further void because the commission has no authority to back assess property; the statute speaks prospectively and gives them power on their initiative to make only current assessments, and they can back assess only when requested to do so by some officer having the power to make the request, and in this instance it is the Revenue Agent. Sections 4740 and 4741, Code of 1906.

The right to impose any tax is statutory—the full power rests with the legislature and is subject to any restriction or limitation which the legislature may impose. The power to collect taxes may be given to any officer which the legislature may designate, and no officer can exercise any such power until he is given the power by an act of the legislature. In other words, taxation is the highest exercise of sovereignty, and when property is sought to be taken by taxation, the authority must be found in the law so to do. When an officer attempts to exercise this power he must be able to place his hands on the statute which gives him this power. If he cannot, any act of his is a nullity. These principles are so well settled that we no not think it necessary to cite authority upon this subject. The right to back assess property is statutory right, and if there is no statute authorizing it, it cannot be done. In 27 Eng. Law (2d Ed.), page

698, it is said:  To the same effect is the text in volume 37, page 771, Cyc. of Law; and 1 Cooley, on "Taxation," page 607, *et seq.*

The right to back tax assess is a statutory right; it cannot exist without statutory authority, and can be exercised only by the officers given that authority.   There can be no dispute about this being the law.   We ask the attorney-general to point the statute to us which gives him the authority to collect back taxes.   We can readily point him to the authority under which we act, sections 4740 and 4741 of the Code of 1906, which expressly confers this power upon the Revenue Agent.   In the case of *State* v. *Tonella,* 70 Miss. ——, the court not only declares that this right must be given by statute, but it tells when, for the first time, such power was authorized in this state.

This is the first attempt upon the part of the attorney-general to exercise the power of Revenue Agent.   If it has been the intent of the law to give him such authority there would have been no Revenue Agent's office created.   The Revenue Agent is required to maintain his own office, at his own expense; provide himself with the help necessary; and obtain his income from what he recovers.   It is not the policy of the law that there should be any conflict between the attorney-general and the Revenue Agent in the discharge of those duties which the law has confided to the Revenue Agent.

In *State* v. *Thibodeaux,* 69 Miss. 97, the court on this subject says:  "We are not to suppose that the law may receive such construction as will devolve the same important public functions at the same time upon two distinct officers.   The regular and orderly collection of the state's revenues is not to be interrupted and imperiled by the struggles between rival officers and by the legal contests which would inevitably arise between the contending officials.   Any other view would involve the collection of the revenue in endless confusion."

107 Miss. 29

Coming now to the powers of the Railroad Commission, let us see what they are. By section 4384, Code of 1906, the commissioners are made State Railroad Assessors. This is the full extent of their power on this subject. They are not made collectors of taxes, and they are not given the power to back assess independently of the action of the Revenue Agent. We have shown that the right to back assess must be given by statute. Let us keep in mind the further fact that the Railroad Commission must find its power for all its actions, expressly given by some statute. See: *Railroad Co.* v. *Adams,* 85 Miss. ——. Were it not for sections 4740 and 4741, Code of 1906, there would be no authority under the statutes for any back assessment upon railroad property. Other sections of the Code give this power to other officers on other kinds of property, but not on railroad property. It is true that in 48 So. 242, the court held that the Revenue Agent was not solely vested with the power to back assess property which had escaped taxation. In that case, however, the court was speaking of the right of the clerk of a municipality to back assess, which power was expressly given by the statute. The power of the Municipal clerk is concurrent with that of the Revenue Agent. The same thing is true of assessors for the counties; but in each instance where the Revenue Agent has not the exclusive right to back assess, the power for some other concurrent authority to do so is expressly found in the statute, and in no instance is it in the attorney-general. While the court held in *Adams* v. *Clarksdale,* that the Revenue Agent did not have the exclusive power to back assess, it did not say that back assessments could be made by any officer of the state, when the statute did not expressly confide the right to do so.

It may not be out of place to call the attention of the court to the fact that the legislature of the state of Mississippi believed this to be the law, because at its session

just adjourned and in House Bill No. 408, authority was given the Railroad Commission to back assess railroad property. The Governor has never approved the bill, though it passed both houses. We cite this as a legislative construction that our contention is correct.

In the case of *Railroad Company* v. *Adams,* 73 Miss. 648, it is expressly held that the power conferred upon the State Railroad Commission to assess property relates to the future; that if it undertakes to back assess property it must be on initiative by the State Revenue Agent. This was declared to be the law as far back as 1895, and that statute under which this decision was rendered is practically the same as now.

We do not take issue with the attorney-general in reference to section 4255 of the Code. This is true only when there has been an assessment of property for that year. If there has been no assessment, there is no lien and cannot be. As the court has expressly held in the case of *North* v. *Culpepper,* 53 So. 419, and *Mullins* v. *Shaw,* 77 Miss. 900, that the foundation of the validity of a tax is the assessment. A mere levy without assessment imposes no charge, fixes no lien, imposes no obligation, in truth, is nothing until followed by an assessment. If there was no authority for assessment of any particular property for that year, and no statute authorizing back assessment, there could be no assessment of the property after the current year had passed.

We failed to appreciate the suggestion of the attorney-general, made on page 7 of his brief, that section 4255 of the Code of 1906, constitutes a new method of collecting taxes, and that the state did not have to proceed according to the formula mapped out under other provisions of the law. The case cited by him of the *Delta & Pine Land Co.* v. *Adams,* 48 So. 190, and 80 Miss. 219, do not bear out this contention. In the *Delta & Pine Land Co.* 48 So. ——, the court merely held that after a Revenue Agent had succeeded in obtaining an assessment he

might sue in either chancery or circuit court. In *Clark
v. Rev. Agent,* 80 Miss. 219, the decision is about to the
same effect.

In the case of *Adams* v. *First National Bank,* 60 So.
770, where the board of supervisors undertake to back
assess on its own initiative, independent of the Revenue
Agent, the court held they could not do so.

SMITH, J., delivered the opinion of the court.

It is not necessary for us to determine what the com-
mon law powers of the attorney-general are, for the rea-
son that the power to assess property for taxation and
to levy and collect taxes is conferred, not by the common
law, but by statute, and when so conferred can be exer-
cised only in the manner pointed out by the statute and
by the person or persons upon whom the power is there-
in conferred. The only power to assess for taxation,
property of the character here involved, is that conferred
upon the Railroad Commission by sections 4382 to 4393,
inclusive, and by section 4741 of the Code. The first-
named sections relate only to assessments for the year
in which the assessments are made, and confer no power
to assess property which has escaped taxation during
previous years. By section 4741 the power to back as-
sess property is conferred upon the Commission, but
only when notified so to do by the Revenue Agent. Sec-
tions 4277 and 4278, to which we have been referred, deal
only with assessments made by county assessors.

Since the commission is given power to assess property
which has escaped taxation for previous years only when
notified so to do by the Revenue Agent, it follows that
the assessment here made at the request of the attorney-
general is void. But it is said that this assessment is
valid even though the attorney-general was without
power to direct the commission to make it, for the rea-
son that the commission was also directed so to do by the
Revenue Agent. It is true that the Revenue Agent did

notify the commission that this property had escaped taxation, but it is clear from the record that this notice was disregarded by the commission, and the assessment made in accordance with the request of the attorney-general; the order by which it was made going to the extent of directing him to proceed to collect the taxes due on the property by suit.

Of course any authority the attorney-general may have, under section 4256 of the Code, to institute a suit for the recovery of taxes due the state is not here involved.

*Affirmed.*